UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>GABRIEL CARACHEO,<br><br>        Defendant. | CR. NO. 2:07-0248-26 WBS<br><br>ORDER RE: MOTION TO REDUCE <u>SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)</u> |

----oo0oo----

Before the court is defendant Gabriel Caracheo's Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)") and Amendment 782 to the United States Sentencing Guidelines ("Guidelines"). (Def.'s Mot. (Docket No. 1445).)

On March 28, 2011, defendant entered into a plea agreement with the government whereby he agreed to plead guilty to one count of conspiracy to distribute and possess with intent to distribute at least fifty grams of methamphetamine (actual) in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Plea Agreement

1

(Docket No. 826).) The plea agreement provided "that a specific sentence of 300 months imprisonment would be appropriate in [defendant's] case." (Id. at 2.)

On July 5, 2011, the United States Probation Office issued a presentence report ("PSR") in defendant's case. The PSR recommended an offense level of 37 and criminal history category of VI, and a resulting Guidelines sentencing range of 360 months to life, for defendant.

On July 25, 2011, the court held a sentencing hearing for defendant. (July 25, 2011 Tr. (Docket No. 1390).) At the hearing, the court adopted the PSR's recommendations with respect to defendant's offense level and criminal history category, and noted that defendant's sentencing range under the Guidelines was 360 months to life. (See id. at 13.) Citing "the need of the United States Attorney to be able to negotiate pleas" and noting that "the Court [is not] bound by . . . the guidelines," however, the court sentenced defendant to 300 months in prison. (Id. at 16-17.)

On November 1, 2014, the United States Sentencing Commission ("Commission") promulgated Amendment 782 to the Guidelines, which reduced the offense level of many drug crimes listed in the Guidelines by two levels. United States v. Mitchell, No. 112-CR-00199 LJO SKO, 2016 WL 4161082, at *1 (E.D. Cal. Aug. 4, 2016). The Commission voted to make Amendment 782 retroactively applicable. See U.S.S.G., sup. App'x C, amend. 788 (2014); United States v. Navarro, 800 F.3d 1104, 1107 (9th Cir. 2015). Under Amendment 782, defendant's offense level is 35, which, in conjunction with his criminal history category of VI,

results in an amended Guidelines sentencing range of 292 to 365 months.

Defendant now moves to reduce his sentence to 292 months pursuant to Amendment 782 and section 3582(c)(2). (Def.'s Mot.) The government opposes defendant's Motion. (Gov't's Opp'n (Docket No. 1464).)

Section 3582(c)(2) allows the court to "reduce the term of imprisonment" of a defendant who was "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To be eligible for a sentence reduction under section 3582(c)(2), "a defendant must show . . . that his sentence was 'based on' a guideline range that has since been lowered." United States v. Rodriguez-Soriano, No. 15-30039, 2017 WL 1591135, at *2 (9th Cir. May 2, 2017). The "based on" requirement of section 3582(c)(2) is not satisfied by "the district court's mere calculation of the [applicable] guideline range" at the time of sentencing, or "the fact that [the court's sentencing] discretion is always framed by the Guidelines to some extent." Id. at *3 (citing Freeman v. United States, 564 U.S. 522, 525 (2011)). For a sentence to be "based on" the Guidelines, the Guidelines must have been "a relevant part of the analytic framework the [court] used to determine the [defendant's] sentence." Id. at *2 (quoting Freeman, 564 U.S. at 530).

The Ninth Circuit has indicated that it is proper for the court to determine whether a defendant's sentence was "based on" the Guidelines by looking to the defendant's sentencing hearing transcript. See id. at *4 ("Reviewing the hearing

3

transcript reveals how and why the district court settled on a 300-month sentence."); see also United States v. Davis, 825 F.3d 1014, 1027-28 (9th Cir. 2016) ("[T]he judge's statements during the sentencing hearing leave no doubt that the sentence was 'based on' the Guidelines.").

Having reviewed defendant's sentencing hearing transcript, the court finds that defendant's sentence was not "based on" the Guidelines. At defendant's sentencing hearing, the court acknowledged that the sentence provided for in defendant's plea agreement was "60 months less than the bottom of [his] guidelines [range]." (July 25, 2011 Tr. at 13.) Citing "the need of the United States Attorney to be able to negotiate pleas" and noting that "the Court [is not] bound by . . . the guidelines," the court accepted defendant's plea agreement and adopted the sentence provided for in that agreement. (Id. at 16-17.) The court's comments at defendant's sentencing hearing make it clear that defendant's sentence was not "based on" the Guidelines, but on defendant's plea agreement, which diverged from the Guidelines.[1]

Because defendant's sentence was not "based on" the Guidelines, the court must deny defendant's Motion.

---

[1] The government represented at defendant's sentencing hearing that it agreed to the sentence provided for in defendant's plea agreement in part because it thought that sentence would be within defendant's Guidelines range at the time of plea negotiations. (See July 25, 2011 Tr. at 6, 13.) To the extent one might make the argument that defendant's plea agreement sentence was thus itself "based on" the Guidelines, the Ninth Circuit has indicated that plea agreement sentences negotiated pursuant to Guidelines sentencing ranges that turn out to be inapplicable do not give rise to eligibility for relief under section 3582(c)(2). See Davis, 825 F.3d at 1023.

IT IS THEREFORE ORDERED that defendant's Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) be, and the same hereby is, DENIED.

Dated: May 23, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE